UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



STARLA JEAN LLOYD,

    Plaintiff,

v.

                              ACTION NO. 4:14cv107

GABE MORGAN, Sheriff for the City
of Newport News,
and

JANE DOE, Deputy Sheriff for the
City of Newport News,

    Defendants.

## OPINION and ORDER

    This matter is currently before the Court on a motion to dismiss filed by Defendant Gabe Morgan, the Sheriff for the City of Newport News, Virginia ("the Sheriff"). This Court previously referred such motion to a United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) for report and recommendation. The Magistrate Judge assigned to this case held a hearing on the pending motion, and on February 20, 2015, issued a Report and Recommendation ("R&R") recommending that the Sheriff's motion to dismiss be **GRANTED in part, and DENIED, in part.** ECF No. 24. Each party was expressly advised in the R&R of the right to file objections and the time period for filing such objections. The objection period

now having expired, and this Court having received no objections from either party, this matter is now ripe for review.

Pursuant to federal statute, after a Magistrate Judge issues an R&R, "any party may serve and file written objections" to the proposed findings and recommendations set forth therein within fourteen (14) days after service of the R&R. 28 U.S.C. § 636(b)(1). "The Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)) (alteration in original). As to the portions of the R&R that no party has challenged through advancing a "'specific written objection,' [a] district court [is] free to adopt the magistrate judge's recommendation . . . without conducting a de novo review." Id. at 316. As to these unchallenged portions, the reviewing court need only "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Id. at 315 (quoting Fed. R. Civ. P. 72 Advisory Committee's Note).

After carefully considering the Magistrate Judge's thorough and detailed R&R, to which no objections were filed, this Court finds no clear error, and hereby **ADOPTS and APPROVES** the entirety of the findings and recommendations set forth in the R&R. It is therefore **ORDERED** that the Sheriff's motion to dismiss be **GRANTED in part**, and

**DENIED, in part.** ECF No. 10. More specifically, the Court hereby **DISMISSES**: (1) all of Plaintiff's claims against the Sheriff in his official capacity; (2) Plaintiff's claims under 42 U.S.C. § 1983 against the Sheriff in his individual capacity; and (3) Plaintiff's state law claims against the Sheriff for simple negligence. After dismissing such matters, the only claim remaining against the Sheriff is Plaintiff's state law gross negligence claim.

In light of such ruling, and as discussed below, Plaintiff is hereby **ORDERED** to file a brief demonstrating why the claims remaining in this case should not also be dismissed.

According to 28 U.S.C. § 1367(a), discussing supplemental jurisdiction of the United States district courts:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). However, subsection (c) of that same statute states as follow:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "[U]nder the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." Hinson v. Norwest Fin. South Carolina, Inc., 239 F.3d 611, 617 (4th Cir. 2001). In making the determination regarding whether to retain jurisdiction, the Fourth Circuit has recognized that section 1367(c) provides district courts with "wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).

Here, Plaintiff failed to object to the Magistrate Judge's recommendation dismissing all claims against the Sheriff except the state law gross negligence claim, and this Court has adopted such recommendation. Moreover, even though Plaintiff's alleged injuries occurred in August of 2011, Plaintiff's federal complaint, filed three years later in August of 2014, does not identify by name the Deputy Sheriff whose actions were allegedly the direct cause of Plaintiff's injuries. In the more than six months that the instant action has been pending in this Court, Plaintiff has likewise failed to identify the individual listed as "Jane Doe" in the complaint,

and thus, does not appear to have complied with federal service requirements. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Accordingly, Plaintiff is hereby **ORDERED** to **SHOW CAUSE, within twenty-one days** of the date of this Opinion and Order, why this Court should not: (1) dismiss this action against defendant "Jane Doe" based on Plaintiff's failure to timely identify and serve such defendant; and (2) decline to exercise supplemental jurisdiction and dismiss the remaining state-law claim against the Sheriff pursuant to 28 U.S.C. § 1367(c)(3).

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ *[signature]*
Mark S. Davis
United States District Judge

Norfolk, Virginia
March 20, 2015